Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NILSA MARA DE OLIVEIRA DE LUNA** | |
| *Plaintiff,* | |
| **MARKWAYNE MULLIN, SECRETARY, U.S. DEPT. OF HOMELAND SECURITY** C/O Office of The General Counsel 2707 Martin Luther King Jr. Ave, Se Washington, Dc 20528-0485 *AND* **JOSEPH B. EDLOW, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES** C/O Office of the Chief Counsel 5900 Capital Gateway Dr., Mail Stop 2120 Camp Springs, MD 20588-0009 *AND* **CARRIE M. SELBY, ASSOCIATE DIRECTOR, SERVICE CENTER OPERATIONS DIRECTORATE,** C/O Office of Chief Counsel 5900 Capital Gateway Drive Mail Stop 2120 Camp Springs, Md 20588-0009 *Defendants,* | **Civil Case N:** **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND COMPLAINT UNDER THE ADMINISTRATIVE PROCEDURE ACT AND DUE PROCESS** |

1

Comes now Plaintiff, Nilsa Mara de Oliveira de Luna (hereinafter "Ms. de Oliveira de Luna" and/or "Plaintiff"), by and through undersigned counsel, to file this civil action for declaratory and injunctive relief and for review of agency action under the Administrative Procedure Act. Plaintiff's removal proceedings were terminated in 2022; she has a pending, bona fide affirmative asylum application before USCIS filed in July 2022, during the pendency of which she is authorized to remain in the United States; and her prospective employer has filed a Form I-140 on her behalf. USCIS has now directed Plaintiff to appear for a purported biometrics appointment tied solely to that Form I-140—a petition for which Plaintiff's biometrics are not adjudicatively necessary. On information and belief, and in light of Defendants' documented practice of arresting noncitizens who appear at USCIS facilities, the appointment is a pretext whose true purpose is to induce Plaintiff to present herself at a federal facility so that she may be arrested and detained. Plaintiff faces a credible and imminent threat of arrest at that appointment.

Plaintiff states therefore the following in support of this action:

## PARTIES

1. Plaintiff, Nilsa Mara de Oliveira de Luna (hereinafter "Ms. de Oliveira de Luna" and/or "Plaintiff"), is a native and citizen of Brazil, born October 21, 1967, and assigned Alien Registration Number A216 904 792. She currently resides at 10 Luis St., Apt. 6, Hyannis, Massachusetts 02601. She is the beneficiary of a pending Form I-140, Immigrant Petition for Alien Worker (Receipt No. IOE0930655268), and the applicant on a pending affirmative Form I-589, Application for Asylum and for Withholding of Removal, filed with USCIS.

2. Defendant Markwayne Mullin is the duly appointed Secretary of the U.S. Department of Homeland Security ("DHS") and is sued in her official capacity. In that capacity

2

she oversees DHS, including its component agencies U.S. Citizenship and Immigration Services ("USCIS") and U.S. Immigration and Customs Enforcement ("ICE"), and is responsible for ensuring that the Immigration and Nationality Act ("INA") and its implementing regulations are lawfully administered.

3.      Defendant Joseph B. Edlow is the duly appointed Director of USCIS and is sued in his official capacity. He is charged with overseeing the adjudication of immigration benefits under the INA, 8 U.S.C. § 1101 *et seq.*, including the adjudication of Form I-140 petitions and Form I-589 asylum applications, and with ensuring that USCIS conducts such adjudications in accordance with law.

4.      Defendant Carrie M. Selby is sued in her official capacity as the Associate Director of the USCIS Service Center Operations Directorate, which adjudicates employment-based immigrant petitions, including Plaintiff's Form I-140, and which issues appointment notices directing applicants and beneficiaries to appear at USCIS Application Support Centers ("ASCs").

## JURISDICTION AND VENUE

5.      Jurisdiction is proper under 28 U.S.C. § 1331 (federal question); 5 U.S.C. §§ 701–706 (the Administrative Procedure Act); 28 U.S.C. § 1361 (mandamus); and 28 U.S.C. §§ 2201–2202 (the Declaratory Judgment Act). Relief is sought under each of these statutes.

6.      This Court has jurisdiction to review final agency action under 5 U.S.C. §§ 704 and 706, and to compel agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1).

7.      The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "in a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

8. The jurisdictional bar in 8 U.S.C. § 1252(g) does not apply. Plaintiff is not subject to any removal order and is not presently in removal proceedings; her prior proceedings were terminated in 2022. This action does not challenge any "decision or action … to commence proceedings, adjudicate cases, or execute removal orders," but instead challenges Defendants' pretextual use of a purported biometrics appointment to effect an arrest, and the lawfulness of arresting a noncitizen who is authorized to remain in the United States during the pendency of a bona fide asylum application. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–83 (1999) (construing § 1252(g) narrowly). The First Circuit construes the immigration jurisdiction provisions narrowly, treating 8 U.S.C. § 1252(b)(9) as a device that channels—rather than bars—review, and recognizing that claims that are independent of, or collateral to, removal remain cognizable in the district court. *See Aguilar v. U.S. Immigration & Customs Enf't*, 510 F.3d 1, 11 (1st Cir. 2007). Because no removal order or proceeding exists, Plaintiff's challenge to the lawfulness of a threatened arrest is collateral to any removal decision and is not barred.

9. Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(C) because Plaintiff resides in Hyannis, Massachusetts, within the District of Massachusetts, and no real property is involved in this action. Venue is also proper under § 1391(e)(1)(B) because a substantial part of the events giving rise to the claim occurred within this District: Plaintiff's now-terminated removal proceedings were conducted before the Boston Immigration Court; her pending affirmative asylum application is maintained from her residence within this District; and the injury she seeks to prevent would fall upon her as a resident of this District. Although the

4

Application Support Center at which Plaintiff has been directed to appear is located at 105 Sockanosset Cross Road, Suite 210, Cranston, Rhode Island, Defendants are federal officers sued in their official capacities, and this Court's authority to restrain their unlawful conduct is not confined to the situs of a single appointment.

10.    Defendants are officers and agencies of the United States sued in their official capacities, are subject to service under 28 U.S.C. § 1391(e)(1), and this Court has personal jurisdiction over them.

**STATUTORY AND REGULATORY BACKGROUND**

11.    The INA authorizes any noncitizen physically present in the United States to apply for asylum, without regard to status, generally within one year of arrival. INA § 208(a), 8 U.S.C. § 1158(a). An applicant who timely files a Form I-589 invokes a statutory adjudication process administered in the first instance by USCIS through its asylum offices.

12.    A noncitizen with a pending, non-frivolous asylum application is authorized to remain in the United States during the pendency of that application and may not lawfully be removed while the application is being adjudicated. INA § 208(d), 8 U.S.C. § 1158(d). Such an applicant does not accrue unlawful presence while a bona fide application is pending and becomes eligible for employment authorization under 8 C.F.R. § 208.7. The statutory scheme thus places asylum applicants in a period of authorized stay pending adjudication.

13.    The INA separately authorizes an employer to petition for a noncitizen worker by filing Form I-140, Immigrant Petition for Alien Worker. INA § 203(b), 8 U.S.C. § 1153(b); 8 C.F.R. § 204.5. The I-140 is the *employer's* petition; the noncitizen is the beneficiary.

14.    Adjudication of a Form I-140 turns on documentary proof concerning the *employer* and the *position*—in particular, evidence that the offered position exists and that the

prospective employer has the ability to pay the proffered wage from the priority date until the beneficiary obtains lawful permanent residence. 8 C.F.R. § 204.5(g)(2) (requiring "annual reports, federal tax returns, or audited financial statements"); *see Matter of Sonegawa*, 12 I. & N. Dec. 612 (Reg'l Comm'r 1967). The beneficiary's fingerprints, photograph, and signature are not elements of, and are not ordinarily material to, the ability-to-pay or bona-fide-position determinations that decide an I-140.

15.    While USCIS retains broad regulatory authority to request biometrics from an applicant, petitioner, or beneficiary "at any time … to verify identity, [to] obtain additional information, and [to] conduct background and security checks" before deciding an application or petition, 8 C.F.R. § 103.2(b)(9), a beneficiary-biometrics appointment scheduled on a *standalone* Form I-140—unaccompanied by any concurrently filed benefit for which the beneficiary's biometrics would be adjudicatively necessary—is atypical and departs from the ordinary course of I-140 adjudication.

16.    Detention of noncitizens in immigration enforcement is governed principally by 8 U.S.C. § 1226, which authorizes arrest and detention "pending a decision on whether the alien is to be removed from the United States." That authority is tied to the existence of removal proceedings or a determination that removal is under consideration. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018). It does not, by its terms, authorize the arrest of a person who is not in removal proceedings and who is authorized to remain in the United States during the pendency of a bona fide asylum application.

## **FACTUAL BACKGROUND**

17.    Plaintiff entered the United States at or near Tecate, California, on or about July 17, 2021, without being admitted or paroled after inspection by an immigration officer.

18.    On July 18, 2021, DHS issued a Notice to Appear (Form I-862) charging Plaintiff as removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without admission or parole, and directing her to appear before the Immigration Court in Boston, Massachusetts.

19.    On the same date, DHS released Plaintiff on her own recognizance on Form I-220A, Order of Release on Recognizance, subject to standard conditions. Plaintiff has complied with the conditions of her release at all times.

20.    Plaintiff's removal proceedings before the Boston Immigration Court were terminated in 2022. Plaintiff is not subject to any order of removal and is not presently in removal proceedings.

21.    In July 2022, Plaintiff filed an affirmative Form I-589, Application for Asylum and for Withholding of Removal, with USCIS. That application remains pending. As an applicant with a pending, bona fide asylum application, Plaintiff is authorized to remain in the United States during its adjudication and is not accruing unlawful presence.

22.    Separately, Plaintiff's prospective employer filed a Form I-140, Immigrant Petition for Alien Worker, on her behalf, which was receipted by USCIS as Receipt No. IOE0930655268. The purpose and function of that petition is to establish that the offered position continues to exist and that the employer has the ability to pay the proffered wage—determinations that rest on the employer's documentary evidence, not on Plaintiff's biometrics.

23.    On June 19, 2026, USCIS issued a Form I-797C, Notice of Action, styled as an "ASC Appointment Notice," directing Plaintiff to appear for a biometric services appointment. The notice identifies the case type solely as "I140 – Immigrant Petition for Alien Worker" and lists Receipt No. IOE0930655268 and A216 904 792. It directs Plaintiff to appear at the USCIS

Application Support Center at 105 Sockanosset Cross Road, Suite 210, Cranston, Rhode Island 02920, at 9:00 a.m. The appointment was set for July 6, 2026, and has since been rescheduled to [INSERT CURRENT RESCHEDULED DATE].

24.     No application or petition requiring Plaintiff's biometrics as an element of adjudication is associated with the appointment notice. The appointment is tied exclusively to the employer's Form I-140, for which Plaintiff's fingerprints are not adjudicatively necessary.

25.     During 2025 and 2026, ICE has engaged in a documented, nationwide practice of arresting and detaining noncitizens when they appear at USCIS facilities in response to appointment notices including at adjustment interviews and biometrics appointments notwithstanding that many such individuals are lawfully pursuing immigration benefits and are authorized to remain in the United States. On information and belief, this practice has been applied at USCIS field offices and Application Support Centers, and at immigration courthouses, across the country, and has repeatedly been directed at noncitizens who—like Plaintiff—have pending applications, are authorized to remain in the United States, and have complied with the conditions of their release. Plaintiff will support these allegations with specific incidents and documentary exhibits at the appropriate stage.

26.     On information and belief, the ASC appointment directed to Plaintiff is pretextual. Its true purpose is not to obtain biometrics adjudicatively necessary to decide the employer's Form I-140, but to induce Plaintiff to present herself at a federal facility so that she may be arrested and detained notwithstanding that her removal proceedings were terminated, that she is subject to no removal order, and that she is authorized to remain in the United States during the pendency of her asylum application.

27.    Plaintiff faces a credible and imminent threat that, if she complies with the appointment notice as directed, she will be arrested and detained upon her appearance at the Cranston, Rhode Island ASC.

28.    Plaintiff is thereby placed in an impossible position: she must either comply with a facially mandatory USCIS appointment on pain of jeopardizing the employer's petition, and thereby expose herself to arrest, or decline to appear and forgo the benefit process Congress created. She has no adequate administrative remedy to resolve this dilemma before the appointment date.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

29.    Plaintiff has exhausted all available administrative remedies, or, in the alternative, exhaustion would be futile.

30.    Under the APA, a plaintiff need not exhaust administrative remedies that are not made mandatory by statute or regulation as a prerequisite to judicial review. *Darby v. Cisneros*, 509 U.S. 137 (1993).

31.    There is no administrative mechanism by which Plaintiff can obtain assurance against arrest at a scheduled USCIS appointment, nor any process to challenge or review Defendants' pretextual use of the appointment before the appointment date. Neither USCIS nor ICE offers pre-appointment relief from the threat of arrest.

32.    Because the threatened injury—arrest and detention—is imminent and any administrative process would be too slow to prevent it, requiring exhaustion would be futile and would leave Plaintiff without any effective remedy, itself working irreparable harm. *See Aguilar*, 510 F.3d at 11–13. Judicial review is therefore proper under 5 U.S.C. § 702.

## RIPENESS

33.     This action is ripe for review. A request for declaratory and injunctive relief challenging agency action is ripe where the questions presented are predominantly legal and the challenged action is final, and where withholding review would work hardship on the plaintiff. *See Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 535–36 (1st Cir. 1995); *McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 69 (1st Cir. 2003).

34.     The essential facts establishing Plaintiff's right to relief have already occurred: USCIS has issued the appointment notice; the appointment is imminent; and Defendants have already implemented, in numerous materially similar cases, the very practice of arresting noncitizens who appear at USCIS facilities. There is thus a "practical likelihood" that the threatened injury will occur.

35.     Requiring Plaintiff to appear and be arrested before seeking relief would defeat the purpose of judicial review and impose precisely the irreparable harm that declaratory and injunctive relief are designed to prevent. The balance of interests weighs decisively in favor of adjudicating the claim now.

## CLAIMS FOR RELIEF

### I.     Violation of the Administrative Procedure Act – Arbitrary, Capricious, and Pretextual Agency Action (5 U.S.C. § 706(2)(A))

36.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

37.     Defendants' issuance of a biometrics appointment on a standalone Form I-140— for which Plaintiff's biometrics are not adjudicatively necessary—and their practice of using such appointments to arrest noncitizens who appear at USCIS facilities, constitute final agency action. The practice is a consummation of Defendants' decision-making, has been applied across multiple facilities, and carries immediate and severe legal consequences, including

arrest, detention, and the initiation of removal proceedings. *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

38.    Agency action is arbitrary and capricious where the agency offers an explanation that runs counter to the evidence or where the stated rationale is pretextual—that is, where it does not reflect the agency's genuine reasons for acting. *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573–76 (2019); *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Courts may not accept a rationale that is contrived to conceal the agency's real objective.

39.    Here, the stated purpose of the appointment—collecting biometrics to adjudicate the employer's Form I-140—is pretextual. Plaintiff's biometrics are not material to the ability-to-pay or bona-fide-position determinations that decide an I-140, and the appointment is not tied to any benefit for which her biometrics would be adjudicatively necessary. In light of Defendants' documented practice of arresting noncitizens who appear at USCIS facilities, the appointment's genuine purpose is to induce Plaintiff's appearance so that she may be arrested. Agency action taken for such a concealed purpose is arbitrary, capricious, and unlawful.

40.    The practice is further arbitrary and capricious because it represents an unexplained departure from prior agency practice. An agency that changes course must display awareness that it is doing so and supply a reasoned explanation; Defendants have offered none. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515–16 (2009). Other courts confronting the Government's recent arrest-at-facility policies have found the same failure of reasoned explanation and set the policies aside. *See Pablo Sequen v. Albarran*, No. 5:25-cv-06487-PCP (N.D. Cal. June 23, 2026); *African Communities Together v. Lyons*, No. 1:25-cv-06366, 2026 WL 1382944 (S.D.N.Y. May 18, 2026).

41.     The practice forces eligible noncitizens into a self-defeating dilemma—comply with a mandatory appointment and risk arrest, or avoid arrest by forgoing the benefit process—producing precisely the kind of absurd and self-defeating result that courts decline to attribute to a lawful exercise of agency discretion.

42.     For these reasons, Defendants' action must be held unlawful and set aside under 5 U.S.C. § 706(2)(A).

**II.     Violation of the Administrative Procedure Act – Action in Excess of Statutory Authority and Contrary to the Agency's Own Regulations (5 U.S.C. § 706(2)(C); the *Accardi* Doctrine)**

43.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

44.     Detention authority under 8 U.S.C. § 1226(a) is tied to the pendency of a decision on removal. Plaintiff is subject to no removal order, is not in removal proceedings, and is authorized to remain in the United States during the pendency of her asylum application. Arresting and detaining her under these circumstances exceeds the authority Congress conferred. *See Jennings v. Rodriguez*, 583 U.S. 281 (2018).

45.     An agency is bound to observe its own regulations, and its departure from them is reviewable and may be set aside. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Montilla v. INS*, 926 F.2d 162 (2d Cir. 1991). The regulatory framework governing asylum applicants, INA § 208 and 8 C.F.R. Part 208, confers on Plaintiff the right to remain and to have her application adjudicated. Defendants' practice of arresting such applicants when they appear at USCIS facilities disregards that framework.

46.     The First Circuit has recognized that Congress intended eligible noncitizens to be able to pursue immigration relief from within the United States without being made to depart

12

or exposed to enforcement traps. *See Succar v. Ashcroft*, 394 F.3d 8, 24–25 (1st Cir. 2005). Defendants' practice is contrary to that scheme.

**The Absence of an Express Prohibition Is Not an Affirmative Authorization**

47.     That no statute expressly forbids Defendants from arresting a noncitizen who appears for a biometrics appointment does not make the practice lawful. The detention statutes, 8 U.S.C. § 1226(a) and (c), operate within the framework of removal proceedings; neither extends by its terms to a person who is authorized to remain in the United States during the pendency of a bona fide asylum application and who is subject to no removal order. The absence of an express prohibition cannot be read as an affirmative grant of authority to weaponize a benefits appointment as an arrest mechanism.

48.     For these reasons, Defendants' action exceeds statutory authority, contravenes the agency's own regulations, and must be set aside under 5 U.S.C. § 706(2)(A) and (C).

### III.     Violation of the Administrative Procedure Act – Agency Action Contrary to Legislative Intent

49.     Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

50.     Congress created the asylum process, INA § 208, to afford noncitizens present in the United States a fair opportunity to seek protection, and created the employment-based petition process, INA § 203(b), to allow employers to secure needed workers. Both schemes presuppose that applicants and beneficiaries may participate in agency processes—including required appointments—without being made the targets of surprise enforcement.

51.     Defendants' practice of using USCIS appointments as arrest mechanisms transforms these statutory pathways into traps, discourages eligible individuals from participating in the processes Congress established, and produces a chilling effect that

undermines the integrity of the immigration system. That result is contrary to the purpose and structure of the INA.

52.    Because the practice frustrates rather than furthers the statutory scheme, it is contrary to law and must be set aside under 5 U.S.C. § 706(2)(A) and (C).

**IV.    Violation of the Due Process Clause of the Fifth Amendment**

53.    Plaintiff incorporates the foregoing paragraphs as though fully set forth herein.

54.    The Due Process Clause of the Fifth Amendment applies to all persons within the United States, including noncitizens, and protects against arbitrary deprivations of liberty. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Mathews v. Eldridge*, 424 U.S. 319 (1976).

55.    Plaintiff has a substantial liberty interest in remaining free from arrest and detention, and cognizable interests in the adjudication of her pending asylum application and in participating in the employment-based petition process. Defendants' practice of using a pretextual appointment to effect her arrest—without notice of its true purpose and without any opportunity to be heard—deprives her of these interests without the process the Constitution requires.

56.    Luring a person to a government facility under a false administrative pretense in order to seize her is fundamentally unfair and offends the guarantees of the Due Process Clause. Defendants' practice must therefore be enjoined.

**V.    The Policy Requires Notice-and-Comment Rulemaking (5 U.S.C. § 553)**

The APA requires that substantive rules be adopted through notice-and-comment rulemaking. 5 U.S.C. § 553(b)–(d); *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 95–96 (2015); *Chrysler Corp. v. Brown*, 441 U.S. 281, 302–03 (1979). A policy that imposes new substantive

consequences on the rights and obligations of regulated parties is legislative in character and cannot be adopted without observing those procedures.

Defendants' practice of directing noncitizens to appear at USCIS facilities and arresting them upon appearance, including through the use of appointment notices for petitions that do not require the beneficiary's biometrics, works a substantive change in the rights and obligations of applicants and beneficiaries. It was adopted without public notice, without an opportunity for comment, and without publication. A policy need not be reduced to writing or made public to be judicially reviewable as agency action; an agency may not shield its decisions from review by declining to memorialize them. *See R.I.L.-R v. Johnson*, 80 F. Supp. 3d 164, 174–76, 184 (D.D.C. 2015); *Wagafe v. Trump*, No. C17-0094-RAJ, 2017 WL 2671254, at *10 (W.D. Wash. June 21, 2017).*

Because Defendants adopted a substantive policy without complying with the APA's procedural requirements, the policy is procedurally invalid and must be set aside.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

(1)    Assume jurisdiction over this action;

(2)    Declare that Defendants' practice of using biometrics appointments on standalone Form I-140 petitions, and of arresting noncitizens who appear at USCIS facilities in response to appointment notices, is arbitrary, capricious, pretextual, in excess of statutory authority, contrary to law, and contrary to the Due Process Clause, and is unlawful as applied to Plaintiff;

(3)    Declare that Plaintiff, as an applicant with a pending, bona fide asylum application whose removal proceedings were terminated and who is subject to no removal order, is authorized to remain in the United States and may not lawfully be arrested or detained in connection with the challenged appointment;

(4)    Enjoin Defendants, and all officers acting under their direction, including ICE and USCIS officers, from arresting, detaining, or taking Plaintiff into custody in connection with the ASC appointment at 105 Sockanosset Cross Road, Suite 210, Cranston, Rhode Island 02920, or any future appointment relating to her pending Form I-140 or Form I-589;

(5)    Enjoin Defendants from applying or enforcing any policy or practice of using USCIS appointment notices as a mechanism to arrest noncitizens who are authorized to remain in the United States;

(6)    Set aside the challenged practice under 5 U.S.C. § 706(2);

(7)    Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

(8)    Award such further relief as the Court deems just and proper.

July 13, 2026

Respectfully submitted,

/s/ Karoline Souza Pereira

Karoline Souza Pereira (BBO 713676)
Gondim Law Corp.
1880 Century Park East, Suite 400
Los Angeles, CA 90067

16

Telephone: 323-282-777
Email: court@gondim-law.com
*Attorney for the Plaintiff*

/s/ Marcelo Gondim

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Phone: (323) 282-7770
Email: Court@gondim-law.com
*Counsel for Plaintiff*

17